Andrew D. La Fiura, Esq. (Bar ID# 020112004)
John Scull, Esq. (Bar ID #239092017)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARLON CARBAJAL, | : | Civ. Action No. _____ |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | **NOTICE OF REMOVAL OF CASE** |
| McLANE COMPANY, INC.; MICHAEL WATSON; et al. | : | **FROM THE SUPERIOR COURT OF** |
| | : | **NEW JERSEY, LAW DIVISION,** |
| | : | **BURLINGTON COUNTY** |
| Defendants. | : | |
| | : | |

TO:   William T. Walsh, Clerk of Court
       USDC for the District of New Jersey
       Martin Luther King Building
        & U.S. Courthouse
       50 Walnut Street
       Newark, NJ 07101

       Mark R. Natale, Esq.
       Malamut & Associates LLC
       457 Haddonfield Road, Ste. 500
       Cherry Hill, New Jersey 08002
       Attorney for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant McLane Company, Inc. ("Defendant") respectfully submits this Notice of Removal ("Notice") of a case from the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket No. BUR-L-1195-21, and states as follows as grounds for removal:

**INTRODUCTION**

1. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the matter in controversy exceeds the

sum $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441(b).

## TIMELINESS OF REMOVAL

2. On or about June 4, 2021, Plaintiff Marlon Carbajal ("Plaintiff") filed a civil action captioned Marlon Carbajal v. McLane Company, Inc.; Michael Watson, et al., Docket No. BUR-L-1195-21 (the "State Action"), in the Superior Court of New Jersey, Law Division, Burlington County.

3. Upon information and belief, Defendants were served the Complaint sometime during the week of June 7, 2021. A true and correct copy of the Complaint in this matter is attached hereto as Exhibit A.

4. The Summons, Complaint, and Case Information Statement constitute all pleadings, process, and other documents provided to Defendants in this action. The Complaint was the initial pleading received by Defendants setting forth the claims upon which Plaintiff's action is based.

5. This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendants have effected removal within thirty (30) days of service/receipt of a paper from which it first could be ascertained that this action is removable.

6. No proceedings have taken place in the State Action.

7. Defendant has not served an answer or responsive pleading to Plaintiff's complaint or made any appearance or argument before the Superior Court of New Jersey.

## REMOVAL BASED ON DIVERSITY JURISDICTION

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and foreign states.  28 U.S.C. § 1332(a).

10. Complete diversity of jurisdiction exists because Plaintiff and Defendants are citizens of different States.

11. Plaintiff is a resident and citizen of the State of New Jersey.  See Ex. A at ¶ 1.

12. A corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. §1332(c)(1).

13. Defendant McLane Company, Inc. is a corporation organized under the laws of the state of Texas with its principal place of business in Temple, Texas. McLane Company, Inc. is therefore only a citizen of Texas.  See 28 U.S.C. §1332(c)(1).

14. Defendant Michael Watson is a resident and citizen of the Commonwealth of Pennsylvania.

15. Thus, complete diversity exists because Plaintiff is a citizen of New Jersey and Defendants McLane Company, Inc and Michael Watson are not citizens of New Jersey.

16. The amount in controversy, while not specifically enumerated in Plaintiff's complaint, appears to contemplate an amount exceeding the sum or value of $75,000.00. See Ex. A.

17. Where removal is based on 28 U.S.C. § 1332(a), and the plaintiff does not specifically delineate damages sought in the complaint, courts must measure the amount by a reasonable reading of the value of the rights being litigated. 28 U.S.C. § 1446(c)(2); see also Werwinski v. Ford Motor Co., 286 F. 3d 661, 666 (3d Cir. 2002) (finding that district courts must

measure the amount in controversy "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated") (quoting Angus v. Shiley Inc., 989 F. 2d 142, 146 (3d Cir, 1993)). In this matter, a reasonable reading of the complaint supports Defendant's position that the amount in controversy exceeds $75,000.

18.     Here, Plaintiff contends that Defendant violated the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et seq., Among other things, Plaintiff seeks to recover compensatory damages, punitive damages, attorneys' fees, and expert fees, together with interest and costs of suit, and any other relief the Court deems just and proper. See Exhibit A, ¶44.

19.     Under the New Jersey LAD, a plaintiff may recover actual damages, punitive damages, and reasonable costs of litigation and attorneys' fees. N.J. Stat. Ann. § 10:5 et seq.

20.     Attorneys' fees and costs should be included in a court's calculation of the amount in controversy where they are available to successful plaintiffs under a statutory cause of action. Suber v. Chrysler Corp., 104 F. 3d 578, 585 (3d Cir. 1997). In a typical employment lawsuit, attorneys' fees alone may exceed $75,000.

21.     Given the relief requested by Plaintiff, and based on a preponderance of the evidence, Defendant submits that the amount in controversy exceeds the jurisdictional amount.

22.     Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

23.     Venue is proper in this Court.

24.     Defendant submits this Notice of Removal without waiving the right to move to dismiss in lieu of filing an Answer to the Complaint, and without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted, and without waiving its right to move to compel arbitration.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

26. By copy of this document and in accordance with the Certificate of Service, Defendant provides notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

**JACKSON LEWIS P.C.**

By:   /s/ Andrew D. La Fiura
Andrew D. La Fiura, Esq. (020112004)
John Scull, Esq. (239092017)

Attorneys for Defendants,
McLane Company, Inc. and Michael Watson.

Dated: July 6, 2021

4826-0463-3584, v. 1

# EXHIBIT A

## SUMMONS

Attorney(s) Malamut & Associates, LLC
Office Address 457 Haddonfield Road, Suite 500
Town, State, Zip Code Cherry Hill, NJ 08002

Telephone Number 856-424-1808
Attorney(s) for Plaintiff MARLON CARBAJAL

MARLON CARBAJAL

Plaintiff(s)

vs.

McCLANE COMPANY, INC.;

MICHAEL WATSON; et al.

Defendant(s)

**Superior Court of
New Jersey**

Burlington ▼ County
LAW Division
Docket No: BUR-L-1195-21

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*Michelle Smith*
Clerk of the Superior Court

DATED: 06/04/2021

Name of Defendant to Be Served: McLANE COMPANY, INC.

Address of Defendant to Be Served: 600 COMMERCE DRIVE, BURLINGTON TWSHP, NJ 08016

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**MALAMUT & ASSOCIATES, LLC**
Keith J. Gentes - 036612009
Mark R. Natale - 071292014
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

| | |
|---|---|
| MARLON CARBAJAL<br><br>Plaintiff<br><br>v.<br><br>MCLANE COMPANY, INC.<br>MICHAEL WATSON;<br>JOHN/ JANE DOES 1-10,<br>fictitious persons; ABC CORP<br>1-10, fictitious entities<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BURLINGTON CTY<br>DOCKET NO.<br><br>*Civil Action* |

---

Plaintiff, Marlon Carbajal, by and through his attorneys Malamut & Associates, LLC, complaining of the defendants, deposes and says:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Marlon Carbajal is a New Jersey resident who was employed, at all relevant times, by Defendant McLane Company as a driver and CDL trainer.

2. Defendant McLane Company, Inc. ("McLane Company") is a business entity operating in Burlington, New Jersey.

3. Defendant Michael Watson was Plaintiff's supervisor who, upon information and belief, resides in New Jersey.

4. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and

1

business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, supervised employees or are otherwise responsible for the actions of Defendant McLane Company.

5. Venue for this action properly lies in Burlington County because it is the county where the events giving rise to this action took place.

## FIRST COUNT

6. Plaintiff repeats and realleges each allegation of the previous sections/counts as if fully set forth herein at length.
7. Plaintiff worked for McLane Company in their Food Service division as a driver and CDL trainer.
8. At all relevant times, Plaintiff performed his job well.
9. During the course and scope of his employment, Plaintiff injured his neck and his back.
10. Plaintiff's injury interfered with multiple major life activities, qualifying as a disability under the New Jersey Law Against Discrimination.
11. After he was injured, Plaintiff required the reasonable accommodation of a short medical leave of absence of two weeks.
12. Shortly after Plaintiff returned to work, he was terminated.
13. Plaintiff was terminated on June 4, 2019 by Defendant Michael Watson.
14. The reason given for Plaintiff's termination was that he was caught sleeping at work.
15. However, Plaintiff was not sleeping on the job.
16. The reason given for Plaintiff's termination was pretextual.
17. Instead, Plaintiff was terminated in violation of the New Jersey Law Against Discrimination.

18. Defendants terminated the Plaintiff because of his disability and/or perceived disability, as well as in retaliation for requesting reasonable accommodations, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*

19. The upper-level managers of Defendant McLane Company knew or should have known about the wrongful termination of Plaintiff and, rather than stop it, allowed it to happen and participated in it.

20. Defendant Michael Watson aided and abetted Defendant McLane Company in discriminating against the Plaintiff.

21. Plaintiff suffered emotional distress, upset, and humiliation due to his wrongful termination.

22. Plaintiff suffered and continues to suffer financial loss due to his wrongful termination.

23. In addition, the financial loss contributes to Plaintiff distress, upset, and humiliation.

24. Lastly, the intentional and malicious actions of Defendant McLane Company and its upper-level managers justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff, Marlon Carbajal, demands judgment against the Defendants McLane Company, Inc., Michael Watson, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

## SECOND COUNT

25. Plaintiff, Marlon Carbajal, repeats and realleges each allegation of the previous

sections/counts as if fully set forth herein at length.

26. Plaintiff suffered a work-related injury at Defendant McLane Company.

27. Plaintiff pursued and received workers' compensation benefits, and was put on light duty status.

28. Plaintiff's light duty restriction was disregarded by Defendant, and Defendant asked Plaintiff to perform full duty tasks.

29. Plaintiff's light duty restriction should have been honored.

30. Instead, Defendant ignored Plaintiff's work-related injury.

31. Defendant had a clear animus against the Plaintiff for having a work-related injury.

32. Plaintiff had a right to receive medical treatment under New Jerseys Workers' Compensation Act.

33. Plaintiff was retaliated against for pursuing workers' compensation benefits in violation of New Jersey public policy.

34. Plaintiff was terminated in violation of New Jersey public policy.

35. The upper-level managers of Defendant McLane Company knew or should have known that Plaintiff was being wrongfully terminated, and should have stopped it, but instead allowed it to happen and actively participated in it.

36. Plaintiff suffered emotional distress, upset, and humiliation due to his wrongful termination.

37. Plaintiff suffered and continues to suffer financial loss due to his wrongful termination.

38. In addition, the financial loss contributes to Plaintiff's distress, upset, and humiliation.

39. Lastly, the intentional and malicious actions of Defendant McLane Company and its upper-level managers justify the imposition of punitive damages.

WHEREFORE, the Plaintiff, Marlon Carbajal, demands judgment against the Defendant McLane Company, Michael Watson, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for under New Jersey law; and any and all relief that the Court deems just and proper.

### THIRD COUNT

40. Plaintiff repeats and incorporates all previous facts in all previous paragraphs as if stated at length herein.
41. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, are fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of Defendant McLane Company.
42. The defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendant McLane Company in violating the Law Against Discrimination and New Jersey common law.
43. The Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendant McLane Company in wrongfully terminating Plaintiff.
44. The Defendants John/Jane Does 1-10 and ABC Corp. 1-10 are liable, jointly, severally, or in the alternative, to Plaintiff for damages stemming from his wrongful termination in violation of New Jersey Law Against Discrimination and New Jersey common law,

including losses, damages, emotional distress, punitive damages, and attorney's fees.

**WHEREFORE**, the Plaintiff, Marlon Carbajal, demands judgment against the Defendant McLane Company, Inc., Michael Watson, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination and New Jersey common law; and any and all relief that the Court deems just and proper.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire

### JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark R. Natale, Esquire as Trial Counsel.

### CERTIFICATION PURSUANT TO R.4:5-1

I certify that, to the best of my knowledge, the matter in controversy is not the subject matter of another action pending in any or any pending arbitration or proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any other parties who should be joined in this action.

### DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), plaintiffs hereby demand production of a copy of all insurance agreements under which the defendants may be covered to

satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

              MALAMUT & ASSOCIATES, LLC

              /s/ Mark R. Natale
              Mark R. Natale, Esquire

Date: June 4, 2021

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001195-21

**Case Caption:** CARBAJAL MARLON VS MCLANE COMPANY, INC.
**Case Initiation Date:** 06/04/2021
**Attorney Name:** MARK R NATALE
**Firm Name:** MALAMUT & ASSOCIATES LLC
**Address:** 457 HADDONFIELD RD STE 500
CHERRY HILL NJ 08002
**Phone:** 8564241808
**Name of Party:** PLAINTIFF : CARBAJAL, MARLON
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MARLON CARBAJAL?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/04/2021
Dated

/s/ MARK R NATALE
Signed